# IN RE: CHASE BANK USA, N.A., "CHECK LOAN" CONTRACT LITIGATION.

## MDL No. 2032.

United States Judicial Panel on Multidistrict Litigation.

June 26, 2009.

Before J. FREDERICK MOTZ, Acting Chairman, JOHN G. HEYBURN II, Chairman *, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., and FRANK C. DAMRELL, JR., Judges of the Panel.

## TRANSFER ORDER

J. FREDERICK MOTZ, Acting Chairman.

**Before the entire Panel \*:** Plaintiffs in one Northern District of California action and one Central District of California action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. Plaintiffs in nine actions and seven potentially related actions support centralization in the Central District of California. Plaintiffs in two actions and one potentially related action variously support centralization in the Northern District of California, the Northern District of Ohio, or the District of New Mexico. Defendant Chase Bank USA, N.A. (Chase) supports centralization in the District of Delaware or, alternatively, the Southern District of New York.

This litigation currently consists of fourteen actions listed on Schedule A and pending in nine districts as follows: four actions in the Northern District of California; two actions each in the Central District of California and the Southern District of New York; and one action each in the Northern District of Illinois, the District of New Jersey, the Eastern District of New York, the Northern District of Ohio, the District of Oregon, and the Western District of Washington.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These ac-

---

\* Judge Heyburn did not participate in the disposition of this matter.

1. The Panel has been notified that eighteen additional related actions have been filed as follows: three actions in the Northern District of Illinois; two actions each in the Central District of California, the District of Massachusetts, the District of New Mexico, and the Eastern District of Pennsylvania; and one action each in the District of Arizona, the District of Colorado, the District of Maryland, the Western District of Michigan, the Eastern District of New York, the Southern District of New York, and the Middle District of North Carolina. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

tions share factual questions arising out of allegations that Chase unilaterally amended its customers' check loan terms in late 2008 to include a monthly service fee and an increase in the minimum monthly payment or an increased interest rate. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation. Four of the eight actions now pending in California are pending in this district. In addition, Judge Maxine M. Chesney has the time and experience to steer this litigation on an expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Maxine M. Chesney for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 2032 — **IN RE: CHASE BANK USA, N.A., "CHECK LOAN" CONTRACT LITIGATION**

*Central District of California*

Brian Woods, et al. v. JP Morgan Chase & Co., et al., C.A. No. 2:09–683

David Laakman v. Chase Bank USA, N.A., C.A. No. 2:09–1190

*Northern District of California*

Michael E. Moore, et al. v. Chase Bank USA, N.A., C.A. No. 3:09–348

Eugene Reede Stockton v. Chase Bank USA, N.A., C.A. No. 3:09–587

Timothy A. Sauer v. Chase Bank USA, N.A., C.A. No. 3:09–809

Kathy K. Moon v. Chase Bank USA, N.A., C.A. No. 3:09–830

*Northern District of Illinois*

Margaret A. Foshe v. Chase Bank USA, N.A., C.A. No. 3:09–50036

*District of New Jersey*

Rex Glensy, et al. v. Chase Bank USA, N.A., et al., C.A. No. 1:09–981

*Eastern District of New York*

Gregory Goodman, et al. v. Chase Bank USA, N.A., C.A. No. 2:09–626

*Southern District of New York*

James Carnahan v. Chase Bank USA, N.A., C.A. No. 1:09–1321

Robert R. Glenn v. Chase Bank USA, N.A., C.A. No. 1:09–1898

*Northern District of Ohio*

Evie Boulas v. JP Morgan Chase & Co., C.A. No. 1:09–348

*District of Oregon*

Charles Clausen v. Chase Bank USA, N.A., C.A. No. 1:09–3017

*Western District of Washington*

Scott Miller, et al. v. JP Morgan Chase & Co., et al., C.A. No. 2:09–263